**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bairon Jesus TROCHEZ, Defendant–Appellant.**

No. 04–41442.

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Bairon Jesus Trochez appeals his guilty plea conviction and sentence for illegal reentry. For the first time on appeal, Trochez argues that his sentence violates *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), insofar as he was sentenced under the mandatory Sentencing Guideline regime, and that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because of misstatements by the magistrate judge and the district court regarding the scope of the sentence appeal waiver, we pretermit the question whether this appeal is barred by the waiver.

Trochez's *Booker* claim fails because he cannot show that the alleged error affected his substantial rights. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, —— L.Ed.2d —— (2005); *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). The sentencing hearing transcripts are silent regarding whether the district court would have reached a different conclusion had the Guidelines been advisory. Moreover, the fact that the district court imposed the minimum guideline sentence is, standing alone, no indication that the court would have reached a different conclusion under an advisory scheme. *See United States v. Bringier,* 405 F.3d 310, 318 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 264, —— L.Ed.2d —— (2005). Trochez therefore cannot carry his burden of showing that the result likely would have been different had he been sentenced under the advisory scheme, and he cannot show plain error that affected his substantial rights. *See Mares,* 402 F.3d at 522.

He argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi* and Justice Thomas's statements in his concurrence to the opinion in *Shepard v. United States,* —— U.S. ——, ——, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005). Trochez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* and *Shepard* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *Shepard,* 125 S.Ct. at 1262–63. We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation marks and citation omitted).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.